BEATH *v.* RAPID RAILWAY CO.

1. PERSONAL INJURIES—DECLARATION—AVERMENT OF DAMAGES—
MENTAL SUFFERING—POSTPONEMENT OF MARRIAGE—EVIDENCE.
Plaintiff in an action for personal injuries is not entitled to
damages for mental suffering occasioned by the postpone-
ment of her marriage on account of her injuries, where the
declaration contains only a general averment of mental
suffering, anxiety, and suspense.

2. SAME.
Nor is plaintiff entitled in such case to have the circumstance
considered by the jury in fixing the damages under the gen-
eral averment, though submitted under instructions that it is
not to be deemed, "independently, an element of damage."

3. SAME—DECLARATIONS OF PAIN—RES GESTÆ.
Testimony concerning manifestations and declarations of
present pain and suffering, by a witness who observed them,
is admissible, in an action for personal injuries, as part of the
*res gestæ*, although it relates to a period some length of time
after the accident occasioning the injuries.

4. SAME—DAMAGES—SHAME AND MORTIFICATION.
In an action for personal injuries, shame and mortification
suffered by plaintiff from being obliged to use crutches as a
result of the injuries sustained is a proper element of dam-
ages, where the declaration avers mental as well as physical
suffering.

5. SAME.
Under a declaration alleging injury to the hip, hip joint, pel-
vis, and thigh, a resulting disease of the sciatic nerve may be
shown.

Error to Wayne; Lillibridge, J. Submitted January
4, 1899. Decided March 14, 1899.

Case by Rebecca C. Beath against the Rapid Railway
Company for personal injuries. From a judgment for
plaintiff, defendant brings error. Reversed.

*Brennan, Donnelly & Van De Mark,* for appellant.

*Fred H. Warren,* for appellee.

LONG, J.    Plaintiff was a passenger on one of defendant's cars, and was seriously injured in a collision.    On the trial in the court below, the defendant did not deny liability for the actual damages sustained.    The jury returned a verdict for $4,600.    Defendant brings error.

The plaintiff was a single woman, and it is alleged that the court erred in admitting testimony showing that she was engaged to be married, and that the marriage was postponed in consequence of the injury, and also in charging the jury that they might consider the fact of plaintiff's marriage engagement, and the postponement of the same, as an element of damages, as bearing upon her mental strain and anxiety, as such damages were not counted upon in the declaration.    There was no averment in the declaration of this character.    While the plaintiff was on the witness stand as a witness in her own behalf, and after she had detailed her injuries in full, she was asked:

"I wish you would tell the jury what the effect of all this was upon your mind,—how it affected you.    *    *    *

"*A.* I cannot tell.    I know that it worried me considerably, and I was totally discouraged.    I had plans made for the future, and these things had to be postponed.    I was constantly getting worse, and didn't see any hopes for the future at all.

"*Q.* Were you engaged to be married ?    *    *    *

"*A.* I had made some preparations for that event.    *    *    *

"*Q.* I will ask you whether that had any influence upon your mental condition, and getting discouraged ?

"*A.* Yes, sir."

The question was then asked whether the marriage had been put off, and why it was put off.    The question why the marriage was put off was withdrawn.    The court charged the jury upon the subject of damages as follows:

"Now, the elements which you are to consider are

119 MICH.—33.

several. In estimating the amount which you will award the plaintiff, you are to take into consideration the following elements: She is entitled to recover, if at all, for her fright and shock suffered at the time of the collision; for pain and suffering and personal inconvenience and sickness she has endured; for pain and suffering she has endured by reason of the surgical appliances which it became necessary for her to use and wear in the process of recovery, and the personal inconvenience resulting from the same. You are not only to take into consideration the physical pain and suffering she has endured, but also the mental pain and suffering, anxiety, and suspense which you believe she has passed through, and the nervous prostration which you believe she has passed through, as a result of the injury she has received. In this connection, gentlemen, as bearing upon the mental strain and anxiety, you may consider the undisputed fact that this plaintiff was engaged to be married at the time this injury occurred, and that, as a result of the injuries she received, the marriage had to be postponed. That, gentlemen of the jury, is not, independently, an element of damage, but an element for you to consider as bearing upon the mental strain and anxiety and suspense which she was under at the time of the injury and afterwards. You may also consider the shame and mortification which she has suffered by reason of being obliged to use crutches, or a crutch and cane, and also the personal inconvenience arising from such use. Also, you may consider the extent to which she was compelled to deny herself social pleasures and enjoyments, and to forego participation in the activities of life, which she had been accustomed to enjoy before the injury. You should also consider the question whether this injury is liable to be permanent, and in making up your verdict, if you believe she has not recovered, and that she will continue to suffer from these injuries in the future, you should award her such sum as in your judgment will compensate her for the bodily and mental pain and suffering and inconvenience which she will be obliged to endure hereafter."

The court was in error in permitting this testimony, and in stating to the jury that they might consider, as bearing upon plaintiff's mental strain and anxiety, the fact that she was engaged to be married, and that, as a result of the injuries received, the marriage had to be postponed. These facts were not counted upon in the declaration, and

only such damages were recoverable in the action as necessarily flowed from the injury. This rule in negligence cases is well settled in this State and elsewhere. In *Shaw* v. *Hoffman,* 21 Mich. 158, it was said:

"But the only damages which can be recovered under the general allegation, without stating their particular nature, and how they arose, are those which the law implies or presumes from the acts or matters set forth in the declaration as the grounds of the plaintiff's claim; and these are such only as necessarily arise from the matters alleged, under the circumstances stated in the declaration."

As well stated by counsel for defendant:

" The reason of the rule is quite apparent, and its expediency cannot be doubted. A defendant can properly be held to anticipate that proof will be offered to establish such results of his wrongful act as necessarily flow from it. A man is presumed to intend the necessary consequences of his act, and he is also presumed to anticipate that he will be held for the necessary consequences of an injury which he inflicts. On the other hand, any result which is not necessary, or which may occur by reason of incidental circumstances which he cannot be presumed to know, he cannot be held, without any notice, to anticipate evidence of on the trial. This question is one of pleading, and is distinct from the question of defendant's liability. He is liable for all natural and ordinary consequences of his wrongful act, but he is not presumed to know that proof of anything beyond the necessary consequences of the wrongful act will be offered against him."

It is clear that the postponement of a particular marriage engagement existing between the plaintiff and a third person is not such a circumstance as would necessarily be the result of a personal injury. The general rule is that all damages which do not flow necessarily from the wrongful act must be pleaded specially.

In *Hopkins* v. *Atlantic, etc., Railroad,* 36 N. H. 9 (72 Am. Dec. 287), the court held that the expenses of nursing could be recovered as a necessary consequence of a wrongful injury, although they had not been specially pleaded. The court said:

"They are not special damages, in the sense of that term as it is used in the law of pleading and evidence. They are not caused by any incidental fact, or by the peculiar situation and circumstances of the party, but are the natural and uniform effects of the injury itself."

In *Gulf, etc., R. Co.* v. *Hurley*, 74 Tex. 593, it was held that where the plaintiff had been ejected from a train, in the night-time, at some distance from a city, he could not, on the trial, prove the fact that he was endeavoring to reach the sick-bed of his child, for the purpose of enhancing his damages for mental anxiety and suffering, of which there was no allegation in the pleadings. It was said:

."When, for the purpose of explaining the existence of mental distress, or of enhancing the amount of damages by enlarging its degree, it is intended to offer any evidence beyond the trespass or act of physical violence complained of, a proper predicate in the pleadings must be laid."

The general rule as to special damages is laid down in accordance with these cases in *Brink* v. *Freoff*, 44 Mich. 69; *Joslin* v. *Ice Co.*, 50 Mich. 516 (45 Am. Rep. 54); *Silsby* v. *Car Co.*, 95 Mich. 204.

Counsel for plaintiff admits that the cases cited tend to support the proposition that damages which are not the necessary consequences of the injurious act complained of are not recoverable, unless specially alleged in the declaration; but he alleges that this rule was not violated in the present case, because he says no such damages were asked or allowed. His contention is that the plaintiff is entitled to recover damages for mental suffering, anxiety, and suspense; that all these are alleged in the declaration; and that the only question which confronts the court is whether it is necessary to allege each separate circumstance or thing which went to make up the whole sum of mental pain, anxiety, and suspense, or whether a general allegation is sufficient to admit proof of the various elements affecting her mental condition. It is also asserted that the jury were not allowed to speculate upon the tes-

timony, but were told that they must not consider it
as an independent element of damages, but only as bear-
ing upon the mental strain, anxiety, and suspense which
the plaintiff was under at the time of the injury and after-
wards.

This contention of counsel for plaintiff cannot be sus-
tained.    The court very plainly directed the jury that they
might consider the undisputed fact that the plaintiff was
engaged to be married at the time the injury occurred,
and that, as a result of the injury, the marriage had to be
postponed, as these facts had a bearing upon the mental
strain and anxiety of the plaintiff.    The jury must have
understood from this charge that the postponement of the
marriage might be taken into consideration in fixing the
damages which plaintiff sustained, notwithstanding the
fact that no such claim was made in the declaration.    We
find no case which sustains this charge, but, on the con-
trary, the law is settled the other way.    Just what the
court meant by saying that it was not an independent ele-
ment of damages, we are unable to ascertain, unless it
was meant that the jury, in fixing the damages for mental
pain and anguish, might take the postponement of the
marriage into account; and that is undoubtedly what the
court intended that the jury should consider.

It is also contended that the court erred in permitting
proofs of plaintiff's condition by her manifestations and
complaints a length of time after the accident.    We think
this question need not be discussed.    The testimony so
given was not hearsay, or a narration of past conditions,
but simply showed the manifestations and declarations of
present pain and suffering, and related to facts which fell
under the observation of the witnesses themselves, and
therefore was a part of the *res gestæ.*

It is further contended that the court was in error in
charging the jury that they might consider the shame and
mortification which the plaintiff had suffered by being
obliged to use crutches, or a crutch and cane.    We think
there was no error in this part of the charge.    It was one

of the elements of damages which might naturally flow from the injury. The plaintiff was not confined in her recovery to damages sustained by reason of physical pain and anguish suffered, but had the right to recover for the mental pain and anxiety she was compelled to undergo by reason of the injuries sustained. If she was compelled to use crutches, or a crutch and cane, that fact was a matter which the jury should take into consideration. While the precise question has not been before this court in the former cases, yet the rules laid down in *Friend* v. *Dunks*, 37 Mich. 30, *Ross* v. *Leggett*, 61 Mich. 445 (1 Am. St. Rep. 608), and *Welch* v. *Ware*, 32 Mich. 84, seem to settle the point in controversy against the defendant.

But one more question need be discussed. It is said that the court was in error in refusing to strike out all testimony in relation to the disease of the sciatic nerve. We think not.[1] The point is settled in *Montgomery* v. *Railway Co.*, 103 Mich. 46.

For the error pointed out, the case must be reversed, and a new trial granted.

GRANT, C. J., MONTGOMERY and MOORE, JJ., concurred. HOOKER, J., did not sit.

---

[1] The declaration contained an averment of "a serious and permanent injury to plaintiff's right hip, hip joint, pelvis, and thigh."