GINTHER v ZIMMERMAN

Docket No. 138746. Submitted July 23, 1992, at Grand Rapids. Decided September 8, 1992, at 9:00 A.M.

Dean and Sharon Ginther brought an action in the Grand Traverse Circuit Court against Joseph J. Zimmerman, the law firm of Zimmerman, Kuhn & Beacup, its predecessor in interest, and other members of the firms, seeking damages for the alleged failure to draft the will of May H. Shippey in a manner that would have given effect to her intent that the plaintiffs receive a certain parcel of land on her death. The plaintiffs premised their claim both on the basis of legal malpractice and as third-party beneficiaries of a contract for legal services between Mrs. Shippey and the defendants. The court, Charles M. Forester, J., granted summary disposition for the defendants. The plaintiffs appealed.

The Court of Appeals *held:*

Where the intent of a testator as expressed in a testamentary instrument is not frustrated, an attorney owes no duty that will give rise to a cause of action to persons not named in the instrument. The plaintiffs did not allege that they were named in the will or that the testator's intent as expressed in the will was frustrated; therefore, the trial court properly granted summary disposition for the defendants.

Affirmed.

WILLS — ACTIONS — ATTORNEYS — UNNAMED PERSONS.

A person who is not named in a will has no cause of action against the attorney who drafted the will where the intent of the testator as expressed in the will is not frustrated.

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *C. Mark Hoover* and *Kathleen E. Kane*), for the plaintiff.

REFERENCES
Am Jur 2d, Attorneys At Law § 236.
What constitutes negligence sufficient to render attorney liable to person other than immediate client. 61 ALR4th 464.

*Schureman, Frakes, Glass & Wulfmeier* (by *Jack Carpenter, Charles D. Brown,* and *Priscilla L. Schwarze*), for the defendants.

Before: NEFF, P.J., and GRIBBS and CAVANAGH, JJ.

NEFF, P.J. Plaintiffs appeal as of right from the circuit court's order granting summary disposition to defendants. We affirm.

In their amended complaint, plaintiffs alleged that defendants committed legal malpractice when they failed to carry out the estate plan of May Hubbard Shippey by which plaintiffs would have received certain real estate. Plaintiffs also set forth a third-party-beneficiary theory, alleging that defendants breached their contract with Mrs. Shippey to properly draft testamentary documents and that Mrs. Shippey intended that plaintiffs directly benefit from that contractual arrangement.

I

The allegations of plaintiffs' complaint are summarized as follows: On January 30, 1980, May Hubbard Shippey executed a will, one provision of which would convey to plaintiffs, if they survived her, an approximately 67.95-acre parcel of property located on Elk Lake in Antrim County. That parcel is referred to by the parties as the "original purchase" parcel. After the execution of that will, Mrs. Shippey told plaintiffs that she had decided to immediately convey the parcel to them. On July 24, 1980, she instructed defendant Rollert to effectuate her intent to convey that parcel to plaintiffs while reserving a life estate for her in the house and 5.3 acres of surrounding property. That parcel is referred to by the parties as the "homestead" parcel.

On February 4, 1981, defendant Kuhn filed a deed he had prepared that conveyed to plaintiffs the original purchase parcel less the homestead parcel. However, the homestead parcel was not conveyed in that deed subject to Mrs. Shippey's life estate.

On February 2, 1982, Mrs. Shippey executed her last known will, which was prepared by defendant Zimmerman. That will did not convey the homestead parcel to plaintiffs. Mrs. Shippey died on June 30, 1989.

II

The circuit court's order states that summary disposition was granted pursuant to MCR 2.116(C)(10). However, a full reading of the decision and the case law cited therein reveals that the court actually decided the issue on the ground that plaintiffs failed to state a claim upon which relief can be granted. An order granting summary judgment under the wrong court rule may be reviewed under the correct rule. *Johnson v Davis,* 156 Mich App 550, 553; 402 NW2d 486 (1986).

III

The precise question raised is one of first impression in Michigan. That question is whether persons claiming to be intended beneficiaries of a will can maintain an action against the attorney who drafted the will where no attorney-client relationship exists between those persons and the attorney.

Plaintiffs concede that, pursuant to *Pantely v Garris, Garris & Garris, PC,* 180 Mich App 768, 778; 447 NW2d 864 (1989), an element of an action for legal malpractice is the existence of an attor-

ney-client relationship. However, plaintiffs argue for the abrogation of that element. Plaintiffs rely on *Friedman v Dozorc,* 412 Mich 1; 312 NW2d 585 (1981), and cases from foreign jurisdictions for their argument.

*Friedman* involved a negligence claim brought by a physician against the attorneys who had represented the adverse party in a previous unsuccessful malpractice suit against the physician. Our Supreme Court held that the physician had failed to state an actionable negligence claim because an attorney owes no duty to an adverse party in litigation. *Id.* at 16. The Court based that holding on its conclusion that

> the public policy of maintaining a vigorous adversary system outweighs the asserted advantages of finding a duty of due care to an attorney's legal opponent. [*Id.* at 25.]

The Court went on to address other arguments of the physician and amici, one of which was that privity of contract no longer shields a professional from liability to foreseeable third parties. While noting that it had held in *Williams v Polgar,* 391 Mich 6; 215 NW2d 149 (1974), that an abstracter of title is subject to liability to foreseeable third parties who rely on the abstract, the Court stated that it was basing its decision in *Friedman* on public policy considerations and not on the privity of contract doctrine. *Friedman* at 28.

In *Cramer v Metropolitan Savings Ass'n (Amended Opinion),* 136 Mich App 387, 397-398; 357 NW2d 51 (1984), this Court interpreted *Friedman* to mean that lack of duty, and not the privity doctrine, is the proper ground for summary disposition of a claim of legal malpractice against an adversarial attorney.

In a more recent case, our Supreme Court considered the question whether an insurance company could maintain a malpractice action against the attorney it hired to defend its insured. *Atlanta Int'l Ins Co v Bell,* 438 Mich 512; 475 NW2d 294 (1991). In the lead opinion in that case, Justice BRICKLEY observed that traditional legal doctrine mandates that only a person in the privity of an attorney-client relationship could sue an attorney for malpractice. *Id.* at 518. The essential purpose of that rule is to prevent consideration of the interests of those outside the relationship from interfering with the attorney's duty to loyally represent a client. *Id.*

Justice BRICKLEY went on to note, however, that the situation in *Bell* demonstrated that the lack of an attorney-client relationship by itself was an inadequate predicate for the analysis of malpractice liability, in view of the fact that the situation in *Bell* did not present a conflict between the interests of the insurer and the policy concerns of attorney loyalty. *Id.* at 520. He went on to resolve the issue under the principle of equitable subrogation. *Id.*

Thus, both in *Friedman* and in the lead opinion in *Bell,* the issue of attorney malpractice was addressed in terms other than the doctrine of privity.

IV

Some foreign courts have decided the issue in terms of privity, refusing on the ground that an attorney has no duty to nonclients to find a cause of action for legal malpractice where no attorney-client relationship exists. *Dickey v Jansen,* 731 SW2d 581 (Tex App, 1987); *Lilyhorn v Dier,* 214

Neb 728; 335 NW2d 554 (1983); *Viscardi v Lerner,* 125 AD2d 662; 510 NYS2d 183 (1986).

Other courts have ruled that an attorney may be liable to named beneficiaries of a will where the intent of the testator, as discernible from the face of the instrument, was frustrated either by faulty drafting or by improper attestation.

For instance, in *Guy v Liederbach,* 501 Pa 47; 459 A2d 744 (1983), the Pennsylvania Supreme Court found that the named legatee had a cause of action as an intended third-party beneficiary of the contract between the testator and her attorney to draft a will where the legacy was voided because the legatee witnessed the will, as the attorney instructed.

In *Lucas v Hamm,* 56 Cal 2d 583; 364 P2d 685 (1961), the plaintiffs alleged that the defendant attorney agreed with the testator to prepare a will by which the plaintiffs were to be the beneficiaries of a trust. However, in drafting the instrument, the attorney violated the rule against perpetuities, resulting in the plaintiffs receiving less than intended. The court concluded that the plaintiffs could recover as third-party beneficiaries, because the main purpose of the testator in reaching the agreement with the attorney was to benefit the persons named in the will.

In *Heyer v Flaig,* 70 Cal 2d 223; 449 P2d 161 (1969), the testatrix retained the defendant attorney to draft a will and told the attorney that she wanted her entire estate to pass to her daughters, the plaintiffs. She also told the attorney that she intended to marry. She did in fact marry ten days after executing the will. The will purported to leave the entire estate to the daughters, but failed to mention the husband, who claimed a portion of the estate as a posttestamentary spouse. *Id.* The Supreme Court of California ruled that the plain-

tiff daughters had stated a cause of action in tort based on the attorney's duty to the intended testamentary beneficiaries. *Id.*

In a subsequent California case, the appellate court characterized the views expressed in *Lucas* and *Heyer* as follows:

> *[A]n attorney may be held liable to the testamentary beneficiaries only* if the above stated test is fully met, that is, *if due to the attorney's professional negligence the testamentary intent expressed in the will is frustrated and the beneficiaries clearly designated by the testator lose their legacy as a direct result of such negligence. [Ventura Co Society for the Prevention of Cruelty to Children and Animals, Inc v Holloway;* 40 Cal App 3d 897, 903; 115 Cal Rptr 464 (1974) (emphasis in original)].

The court in *Ventura* cited *Lucas* and *Heyer* for the proposition that an attorney who undertakes to prepare a will assumes a duty to the intended beneficiaries as well as to the client and that lack of privity does not preclude an action based on either a third-party-beneficiary theory or a negligence theory.

A Florida appellate court adopted the quoted language from *Ventura* in ruling that the plaintiff did not state a cause of action where there was no indication from the will that the intent of the testator had been frustrated. *DeMaris v Asti,* 426 So 2d 1153, 1154 (Fla App, 1976). The court went on to say:

> There is no authority—the reasons being obvious —for the proposition that a disappointed beneficiary may prove, by evidence totally extrinsic to the will, the testator's testamentary intent was other than as expressed in his solemn and properly executed will.

Other jurisdictions have followed the California and Florida courts. In *Schreiner v Scoville,* 410 NW2d 679, 682 (Iowa, 1987), the Supreme Court of Iowa concluded:

> [A] lawyer owes a duty of care to the direct, intended, and specifically identifiable beneficiaries of the testator as expressed in the testator's testamentary instruments.

In *Kirgan v Parks,* 60 Md App 1, 12; 478 A2d 713 (1984), the court held:

> [A] testamentary beneficiary (or one claiming to be an intended beneficiary) has no cause of action against the testator's attorney for alleged negligence in drafting the will when, as in this case, the will is valid, the testamentary intent *as expressed in the will* has been carried out, and there is no concession of error by the attorney. [Emphasis in original.]

We have found only one jurisdiction in which an unnamed beneficiary was found to have stated a cause of action. In *Hale v Groce,* 304 Or 281; 744 P2d 1289 (1987), the plaintiff alleged that the defendant attorney was instructed by his client to prepare testamentary instruments in which a specified sum to the plaintiff was to be included. The gift was not included in either the will or the related trust. The complaint alleged a claim that the attorney had negligently failed to include the bequest. The plaintiff also alleged a claim that the attorney had failed to carry out a contractual promise to the client and that the plaintiff was the intended beneficiary of that promise.

The Supreme Court of Oregon held that the complaint stated claims under both theories,

as the intended beneficiary of defendant's profes-

sional contract with the decedent and a derivative tort claim based on breach of the duty created by that contract to the plaintiff as its intended beneficiary. [*Id.* at 283.]

The court stated that it believed that the plaintiff was a "classic 'intended' third-party beneficiary of the lawyer's promise to his client." The court went on to say that under third-party analysis, the contract creates a "duty" to the intended beneficiary, the negligent nonperformance of which gives rise to an action in negligence. *Id.* at 286.

We disagree with the result reached in *Hale.* We believe that where the intent of the testator as expressed in the testamentary instrument is not frustrated, an attorney owes no duty that will give rise to a cause of action to persons not named in the instrument. However, we express no view regarding an attorney's liability to direct and intended beneficiaries named in the instrument where the intent of the testator, as expressed within the four corners of the instrument, has been frustrated. That situation is not before us.

In the present case, plaintiffs do not allege that they were named in the will or that the testator's intent, as expressed in the instruments, was frustrated. Therefore, the circuit court's order granting summary disposition to defendants is affirmed.