MIERAS v DeBONA

Docket No. 142498. Submitted November 2, 1993, at Detroit. Decided
   May 2, 1994, at 9:15 A.M. Leave to appeal sought.

   Ruth A. Mieras and Elmer E. Ledbetter brought an action in the
   Oakland Circuit Court against attorney Ronald V. DeBona,
   alleging negligence in the drafting and execution of their
   deceased mother's will. The plaintiffs sought damages for emo-
   tional injury and costs incurred in a will contest resulting from
   the defendant's failure to carry out the decedent's wish, as
   expressed in the will, to disinherit Juanita Neville, the plain-
   tiffs' sister and the decedent's child. The plaintiffs contended
   that the defendant failed to make provisions in the will for the
   decedent's exercise of testamentary powers of appointment over
   the assets of a trust created by her husband, thereby allowing
   Neville to inherit from the trust. The court, John N. O'Brien,
   J., granted summary disposition for the defendant. The plain-
   tiffs appealed.

       The Court of Appeals held:

       1. The trial court erred in summarily dismissing the negli-
   gence claim. An action against an attorney for negligence in
   drafting a will may be maintained by a person other than the
   attorney's immediate client where, as in this case, the plaintiff
   is a named intended beneficiary, the intent of the testator, as
   expressed on the face of the instrument, is frustrated because
   of negligent drafting, and no apparent conflict of interest arises
   through imposition of a duty to the named third party.

       2. The trial court did not err in summarily dismissing the

REFERENCES

Am Jur 2d, Attorneys at Law §§ 232, 236; Costs § 72; Fright, Shock,
   and Mental Disturbance §§ 1, 3, 55.
Comment Note.—Recovery for mental shock or distress in connec-
   tion with injury to or interference with tangible property. 28
   ALR2d 1070.
What constitutes negligence sufficient to render attorney liable to
   person other than immediate client. 61 ALR4th 464.
Attorney's liability, to one other than immediate client, for negli-
   gence in connection with legal duties. 61 ALR4th 615.
Award of counsel fees to prevailing party based on adversary's bad
   faith, obduracy, or other misconduct. 31 ALR Fed 833.

claim for costs associated with the will contest. Although a party may recover as damages costs incurred in a prior lawsuit the party was forced to defend or prosecute because of a person's malicious, fraudulent, or similar wrongful conduct, here the plaintiffs allege only negligent conduct by the defendant.

3. It is not clear whether the plaintiffs, in seeking "emotional damages," were in fact seeking damages for mental anguish or emotional distress. If the claim is for emotional distress, the plaintiffs failed to allege the requisite physical injury. If the claim is for mental anguish, the plaintiffs can recover damages for mental pain and anxiety caused by the defendant's negligence.

Affirmed in part, reversed in part, and remanded.

CAVANAGH, P.J., dissenting, stated that the intent to disinherit Neville was not clearly expressed in the will and that the testator could have intended to provide for Neville by not exercising the power of appointment.

1. NEGLIGENCE — ATTORNEYS — WILLS.

An action against an attorney for negligence in drafting a will may lie in favor of a person other than the attorney's immediate client where the plaintiff is a named intended beneficiary, the intent of the testator, as expressed on the face of the instrument, is frustrated due to negligent drafting, and no apparent conflict of interest arises through imposition of a duty to the named third party.

2. DAMAGES — COSTS — ATTORNEY FEES — PRIOR LAWSUITS.

A party may recover as damages costs, including attorney fees, incurred in a prior lawsuit the party was forced to defend or prosecute because of a third party's wrongdoing; the wrongdoer must be guilty of malicious, fraudulent, or similar wrongful conduct, rather than negligence.

3. DAMAGES — MENTAL ANGUISH.

Damages for mental anguish are compensation for mental pain and anxiety that naturally flow from an injury.

*Vlcko, Lane, Payne & Broder, P.C.* (by *Thomas W. Payne* and *Carol L. Fossee*), for the plaintiffs.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani* and *Lawrence R. Donaldson*), for the defendant.

Before: CAVANAGH, P.J., and MARILYN KELLY and M. D. SCHWARTZ,* JJ.

MARILYN KELLY, J. Plaintiffs appeal as of right from an order of summary disposition in favor of defendant in this attorney negligence action. They argue on appeal that, as intended beneficiaries of their mother's will, they are entitled to pursue a negligence claim against defendant, the attorney who drafted the will. They argue that they should recover damages for emotional distress and costs incurred in prior probate court proceedings in which the will was contested. We reverse in part, affirm in part and remand for further proceedings.

I

Ruth Ann Mieras and Elmer E. Ledbetter sued alleging that in August, 1988, their mother, Nita Jackson, requested her attorney, defendant Ronald DeBona, to revise her will. She wished to exclude one daughter, Juanita Neville, from her beneficiaries and divide her estate equally between her other two children, the plaintiffs in this case. Defendant drafted a new will and Nita Jackson executed it one day after undergoing major surgery. She died approximately four weeks later.

Mrs. Jackson's husband had predeceased her. During his lifetime, he had created a marital trust, giving his wife a testamentary power of appointment over the trust's assets. At the time of Mrs. Jackson's death, they had a value of over $600,000. Mrs. Jackson's power of appointment was not exercised in her new will, nor was any reference made to it. Consequently, under the terms of the trust, the assets were distributed to plaintiffs and to Juanita Neville, in equal shares.

Ms. Neville unsuccessfully contested the revised

---

* Circuit judge, sitting on the Court of Appeals by assignment.

will and certain other documents. She alleged that her mother had been mentally incompetent and that plaintiffs had exercised undue influence on her.

In their suit against defendant, plaintiffs alleged, among other things, that he negligently failed to include in their mother's will a provision for the exercise of the power of appointment over the assets of the marital trust. They asserted, also, that he negligently supervised the execution of the documents which resulted in costly litigation to determine their validity. The trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(8).

On appeal, plaintiffs argue that the trial court erred in granting summary disposition. They contend that, in drafting their mother's will, defendant owed a duty of care to them. They allege that he breached the duty by drafting a will which did not reflect the wishes of the testator and that he failed adequately to supervise the execution.

II

This Court reviews a summary disposition determination de novo as a question of law. *Borman v State Farm Fire & Casualty Co,* 198 Mich App 675, 678; 499 NW2d 419 (1993), lv gtd 444 Mich 927 (1994).

Recently, in a case of first impression, we upheld a grant of summary disposition to a defendant-attorney who had negligently drafted a will. The testator's intent to transfer a certain parcel of property to the plaintiffs had not been effectuated. *Ginther v Zimmerman,* 195 Mich App 647; 491 NW2d 282 (1992). We concluded that, where the testator's intent is not frustrated, an attorney owes no duty giving rise to a cause of action to

persons not named in the instrument. *Id.,* p 655. However, we declined to reach the question raised in this case.

> [W]e express no view regarding an attorney's liability to direct and intended beneficiaries named in the instrument where the intent of the testator, as expressed within the four corners of the instrument, has been frustrated. That situation is not before us. [*Id.*]

### III

Plaintiffs' claim presents a matter of first impression in Michigan. An examination of decisions in other jurisdictions reveals a trend toward imposing attorney liability to non-clients who are harmed by the attorney's negligence in performing professional duties. See anno: *What constitutes negligence sufficient to render attorney liable to person other than immediate client,* 61 ALR4th 464, 473-475; anno: *Attorney's liability, to one other than immediate client, for negligence in connection with legal duties,* 61 ALR4th 615, 625. The three principal bases for imposing liability are 1) a negligence theory; 2) a third-party beneficiary contract theory; and 3) a "hybrid" or multi-criteria theory. *Id.,* p 628, n 21. Since plaintiffs argue under the negligence theory, we consider the propriety of imposing attorney liability under that alone.

The elements of an action for negligence are: 1) duty; 2) general standard of care; 3) specific standard of care; 4) cause in fact; 5) proximate cause; and 6) damage. *Moning v Alfono,* 400 Mich 425, 437; 254 NW2d 759 (1977); *Bonner v Chicago Title Ins Co,* 194 Mich App 462, 466-467; 487 NW2d 807 (1992).

Duty is

> essentially a question of whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person. [*Moning,* pp 438-439.]

The question of duty is for the court to decide. *Id.,* p 438.

### IV

Michigan jurisprudence has eliminated the defense of lack of privity in certain professional negligence cases and adopted a rule of liability to foreseeable relying third parties. *Williams v Polgar,* 391 Mich 6, 15-18; 215 NW2d 149 (1974); *Friedman v Dozorc,* 412 Mich 1, 27-28; 312 NW2d 585 (1981); *Atlanta Int'l Ins Co v Bell,* 438 Mich 512, 518-519; 475 NW2d 294 (1991). Plaintiffs here argue for an extension of the rule to attorneys who negligently draft testamentary instruments and thereby harm named, intended beneficiaries.

Defendant argues that the imposition of a duty to third parties would create a conflict of interest for the attorney involved in drafting the will. However, other jurisdictions which have imposed a duty to third parties recognize such a duty only where 1) the plaintiff is a named, intended beneficiary; 2) the intent of the testator, as expressed on the face of the instrument, is frustrated due to negligent drafting; and 3) no apparent conflict of interest arises because of the imposition of a duty to the named third parties. *Ginther, supra; Schreiner v Scoville,* 410 NW2d 679, 682 (Iowa, 1987); *Bell, supra,* pp 519-520.

Here, the will names plaintiffs as the intended beneficiaries. There is also no doubt that plaintiffs

were foreseeable third parties who relied on defendant's skills as an attorney. Furthermore, the intent of the testator is clearly expressed: "I make no provision in this Will for my daughter, Juanita L. Neville, for reasons best known to me." Finally, there is no apparent conflict of interest between the client-testator and the named beneficiaries.[1] Imposition of a duty is appropriate here.

Plaintiffs have pleaded facts sufficient to show that defendant's duty to them has been breached. Therefore, summary disposition was improperly granted by the trial court. We reinstate plaintiffs' negligence claim.

V

Plaintiffs also argue that they are entitled to recover the costs incurred in the earlier will contest. They contend that Neville contested Jackson's will because of defendant's allegedly negligent supervision of its execution. They also claim damages for emotional distress, because the contest lasting approximately two years created animosity within the family, causing emotional distress to its members.

Generally, awards of costs or attorney fees are not allowed unless expressly authorized by statute or court rule. *State Farm Mutual Automobile Ins Co v Allen,* 50 Mich App 71, 74; 212 NW2d 821 (1973). However, a party may recover as damages the costs, including attorney fees, expended in a prior lawsuit he was forced to defend or prosecute because of a third party's wrongdoing. *Bonner v Chicago Title Ins Co,* 194 Mich App 462; 487 NW2d 807 (1992). The wrongdoer must be guilty of

---

[1] We express no opinion regarding the imposition of a duty when the interests of the client-testator and the named beneficiaries conflict, as that issue is not before us.

malicious, fraudulent or similar wrongful conduct, rather than negligence. *G & D Co v Durand Milling Co, Inc,* 67 Mich App 253, 259-260; 240 NW2d 765 (1976).

Plaintiffs have alleged only negligence, not fraud or malice in defendant's execution of his legal services for Jackson. As a consequence, their claim for the costs of defending against Neville's will challenge fails.

## VI

Plaintiffs also appeal from the trial court's dismissal of their claim for emotional damages. We are unable to determine if plaintiffs intended the term "emotional damages" to mean mental anguish or emotional distress. If plaintiffs intended emotional distress, they have failed to allege the physical injury that is required. *Gore v Rains & Block,* 189 Mich App 729, 739, n 1; 473 NW2d 813 (1991).

Alternatively, if they intended emotional damages to mean mental anguish, they are not limited to recovery for physical pain and anguish. They would be entitled to damages for mental pain and anxiety which naturally flow from the injury, such as shame, mortification, humiliation. *Beath v Rapid R Co,* 119 Mich 512, 517-518; 78 NW 537 (1899); *Veselenak v Smith,* 414 Mich 567, 574; 327 NW2d 261 (1982). In *Gore,* we observed that a malpractice plaintiff was entitled to recover damages to the extent of the injury. Included were both the underlying physical injury caused by the medical malpractice and the mental anguish caused by the legal malpractice. *Gore,* pp 739-740.

In the instant case, plaintiffs have alleged that the intrafamilial conflict, strife and hostility re-

sulting from the will contest caused them emotional injury. Like the plaintiff in *Gore,* they are entitled to damages to the extent the injury was caused by the legal malpractice. Summary disposition on this issue was improperly granted.

We reinstate plaintiffs' negligence claim and remand. If plaintiffs prevail, they are entitled to recovery for mental anguish caused by the legal malpractice. We affirm the grant of summary disposition for defendant on the question of attorney fees for the prior will contest.

M. D. SCHWARTZ, J., concurred.

CAVANAGH, P.J. *(dissenting).* I respectfully dissent. I disagree with the majority's conclusion that the intent to disinherit the testator's daughter, Juanita Neville, was clearly expressed in the will. I believe that the testator could have intended to provide for her daughter by failing to exercise the power of appointment, thus providing the daughter with one-third of the marital trust.

Thus, Nita Jackson could have decided to exclude Juanita Neville from her will because Neville was adequately provided for by the terms of the trust.

I would find that the plaintiffs have not pleaded facts sufficient to show that defendant's duty to the plaintiffs was breached and would affirm.