BEATY v HERTZBERG & GOLDEN, PC

Docket Nos. 152740, 155375. Submitted January 5, 1995, at Detroit. Decided November 3, 1995, at 9:00 A.M. Leave to appeal sought.

Lavora Beaty, for herself and as personal representative of the estate of Thomas Beaty, Jr., brought an action in the Oakland Circuit Court against Hertzberg & Golden, P.C., Robert S. Hertzberg, and Judith Greenstone-Miller, alleging breach of contract, breach of fiduciary duty, and negligence. Before the decedent died, B & K Hydraulic Company, of which the decedent was the majority shareholder, had gone into bankruptcy, with attorney Robert S. Hertzberg as trustee. Hertzberg had hired his law firm, Hertzberg & Golden, to represent him as trustee. Greenstone-Miller had been one of Hertzberg & Golden's attorneys. After the decedent died, a life insurer had refused to pay on a policy on the life of the decedent, with B & K Hydraulic as beneficiary, giving as reason the nonpayment of premiums after the start of the bankruptcy proceedings. The insurer had prevailed in an action brought against it by these same defendants. The court in this case, Steven N. Andrews, J., granted two motions for summary disposition for the defendants. The plaintiff appealed from each order of summary disposition, and the Court of Appeals consolidated the appeals.

The Court of Appeals held:

1. The trial court did not err in summarily dismissing the claim of breach of fiduciary duty. The attorneys for the bankruptcy trustee owed a duty only to the trustee, not to the plaintiff as shareholder or to the decedent's estate. Requiring the trustee's attorneys to honor a fiduciary duty to creditors and shareholders would result in a conflict of interest.

2. The trial court did not err in summarily dismissing the claims of breach of contract and negligence. The trustee owed a duty for the benefit of the bankruptcy estate only. Neither the plaintiff nor the decedent's estate may claim breach of contract or negligence with respect to the trustee's hiring of attorneys.

3. The trial court erred in summarily dismissing the claim of

REFERENCES

Am Jur 2d, Bankruptcy §§ 96-98, 100, 340; Subrogation §§ 2, 23. See ALR Index under Bankruptcy and Insolvency; Equity; Fiduciaries and Personal Representatives.

equitable subrogation. Equitable subrogation is a legal fiction through which a person who pays a debt for which another is primarily responsible is substituted or subrogated to all the rights and remedies of the other. Although a bankruptcy trustee normally is the proper party to pursue an action for legal malpractice by the trustee's attorney, in this case the plaintiff may be substituted for the trustee in pursuing such an action because the plaintiff, in paying off certain creditors, acted in the interest of the bankruptcy estate as a trustee would, and because the close relation between the trustee and his attorneys may inhibit the trustee from suing his own firm for malpractice.

Affirmed in part, reversed in part, and remanded for further proceedings.

JANSEN, P.J., concurring in part and dissenting in part, stated that the trial court did not err in summarily dismissing the claim of equitable subrogation, a remedy that is not available to a mere volunteer or to a subrogee whose interest differs from the subrogor, because the plaintiff volunteered the payments to creditors and because the decedent's estate and the trustee do not share the same interests.

1. BANKRUPTCY — TRUSTEES' ATTORNEYS — FIDUCIARY DUTIES.

An attorney representing a bankruptcy trustee generally does not owe a fiduciary duty to creditors or shareholders of the bankrupt entity.

2. BANKRUPTCY — TRUSTEES — ATTORNEYS.

A bankruptcy trustee enters into an attorney-client contract for the benefit of the bankruptcy estate only; a creditor or shareholder of the bankrupt entity cannot be a third-party beneficiary of a contract by which a trustee hires an attorney to represent the trustee.

3. EQUITY — EQUITABLE SUBROGATION.

Equitable subrogation is a legal fiction through which a person who pays a debt for which another is primarily responsible is substituted or subrogated to all rights and remedies of the other.

*Powers, Hallowell & Nickolai* (by *Karl A. Nickolai* and *Dennis N. Powers*), for the plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Gilbert E. Gove, Michael H. Traison,* and *Steven A. Roach*), for the defendants.

Before: JANSEN, P.J., and MICHAEL J. KELLY and
HOOD, JJ.

HOOD, J. In Docket No. 152740, plaintiff appeals
as of right from a May 11, 1992, order of the
Oakland Circuit Court granting defendants partial
summary disposition with respect to count VI (eq-
uitable subrogation) of plaintiff's second amended
complaint. In Docket No. 155375, plaintiff appeals
as of right from an August 4, 1992, order granting
defendants summary disposition with respect to
the remaining counts in plaintiff's second amended
complaint. We affirm in part and reverse in part.

This is ostensibly a legal malpractice case. Plain-
tiff's late husband, Thomas Beaty, Jr., was the
majority shareholder of B & K Hydraulic Com-
pany. In June 1986, creditors forced B & K Hy-
draulic into involuntary bankruptcy, which was
later converted to a Chapter 11 reorganization.
Defendant Robert Hertzberg was the bankruptcy
trustee for B & K Hydraulic. Hertzberg employed
the law firm of Hertzberg & Golden, P.C., with the
court's approval, to represent Hertzberg in the
sale of certain property under the reorganization
plan. Defendant Judith Greenstone-Miller is an
attorney employed by Hertzberg & Golden.

Thomas Beaty died in January 1988. He had
previously purchased two life insurance policies
with a face amount of $1 million each. One policy
listed plaintiff as the beneficiary and the second
policy listed B & K Hydraulic as the beneficiary.
Shortly after Thomas' death, plaintiff and Hertz-
berg submitted claims to Loyal American Life
Insurance for payment on the policies. Loyal
American denied the claims because Thomas
Beaty had failed to pay his monthly installments
in November 1987.

Hertzberg, as the trustee for B & K Hydraulic,

in an action in federal court, moved for summary judgment to recover the proceeds of the policy on which B & K Hydraulic was the beneficiary. The insurance company also moved for summary judgment. The insurance company's motion was granted while the trustee's motion was denied. The trustee appealed the decision unsuccessfully. Plaintiff then filed this suit in the Oakland Circuit Court against defendants for their failure to recover the life insurance policy proceeds. Plaintiff alleged breach of contract, breach of fiduciary duty, various counts of negligence (privity, assumption of duty, intended beneficiary), and equitable subrogation. Defendants moved for summary disposition and the trial court ultimately granted summary disposition of all the claims in plaintiff's complaint.

First, we must determine whether the bankruptcy trustee's attorney has a fiduciary duty to, may assume a duty to, or may enter into a contract for, the benefit of a shareholder or creditor of, or nonparty to, the bankruptcy estate. Plaintiff asserts that she is suing Hertzberg only in his role as attorney for the trustee. We hold that the trustee's attorney owed no duty and assumed no duty to plaintiff or Beaty's estate and that the trustee entered into the contract with his law firm for the benefit of the bankruptcy estate. Thus, the trial court did not err in ruling that plaintiff failed to state a claim against the attorney for the trustee.

Like the trial court, we follow *In re Wolf & Vine, Inc,* 118 Bankr 761 (CD Cal, 1990). In *Wolf & Vine,* the court held that while the applicable law holds that a trustee owes a fiduciary duty to the creditors, it does not follow that the attorneys for the trustee also owe this same duty. Therefore,

generally, the attorney for the trustee does not owe a fiduciary duty to the shareholder.

Further, an attorney is ordinarily liable in negligence only to the client. *Atlanta Int'l Ins Co v Bell,* 438 Mich 512, 518; 475 NW2d 294 (1991). However, the defense of lack of privity in certain professional malpractice cases has been eliminated and a rule of liability to foreseeable relying third parties has been adopted. *Id.* at 518-519; *Mieras v DeBona,* 204 Mich App 703, 708; 516 NW2d 154 (1994). The essential purpose of the general rule against malpractice liability to third parties is to prevent conflicts from derailing the attorney's unswerving duty of loyalty of representation to the client. *Atlanta Int'l Ins Co,* at 519. To require a trustee's attorney to honor a fiduciary duty to the creditors and shareholders would necessarily result in a conflict of interest. See *Friedman v Dozorc,* 412 Mich 1, 23-25; 312 NW2d 585 (1981).

Thus, because a conflict of interest would result if a fiduciary duty was imposed on a trustee's attorney with respect to the creditors and shareholders, we decline to extend a fiduciary duty to the trustee's attorney under these circumstances. *Mieras, supra* at 708. Accordingly, the trial court did not err in granting defendants' motion for summary disposition of the breach of fiduciary duty claim because Hertzberg, as the trustee's attorney, did not owe plaintiff a fiduciary duty as a matter of law. MCR 2.116(C)(8).

With regard to plaintiff's claims of breach of a third-party beneficiary contract and assumption of duty, neither plaintiff nor Beaty's estate is a third-party beneficiary, nor could the trustee or trustee's attorney assume a duty to them. MCL 600.1405; MSA 27A.1405. The relationship between the trustee and the trustee's attorney is one that advances the best interest of the bankruptcy es-

tate. 11 USC 327(a). The trustee's actions must be calculated to bring direct benefit to the bankruptcy estate, and not to individual shareholders or creditors. *In re Washington Group, Inc,* 476 F Supp 246, 250 (MD NC, 1979). The trustee is only empowered to act for the benefit of the bankruptcy estate. Advancing the best interests of an individual creditor, or the debtor, is contrary to the trustee's primary duty to the bankruptcy estate. *In re Gallagher,* 70 Bankr 288, 290 (SD Tex, 1987).

Thus, it is apparent that a trustee cannot enter into an attorney-client contract for the benefit of an individual creditor or shareholder or a nonparty. The trustee could only enter into a contract for the benefit of the bankruptcy estate. Here, the trustee pursued the claim against Loyal American for the benefit of the bankruptcy estate, not for the specific benefit of plaintiff. Accordingly, the trial court did not err in granting the motion for summary disposition with regard to the breach of contract and negligence claims because no duty was owed to plaintiff. MCR 2.116(C)(8). The duty was owed for the benefit of the bankruptcy estate.

Finally, plaintiff argues that she has stated a claim based upon equitable subrogation. Equitable subrogation is a legal fiction through which a person who pays a debt for which another is primarily responsible is substituted or subrogated to all the rights and remedies of the other. *Commercial Union Ins Co v Medical Protective Co,* 426 Mich 109, 117; 393 NW2d 479 (1986). It is a "flexible and elastic equitable doctrine and hence 'the mere fact that the doctrine of subrogation has not been previously invoked in a particular situation is not a prima facie bar to its applicability.' " *Atlanta Int'l Ins Co, supra* at 521, quoting 73 Am Jur 2d, Subrogation, § 1, 598. However, subrogation is not available to a " 'mere volunteer.' " *Auto*

*Club Ins Ass'n v New York Life Ins Co,* 440 Mich
126, 132; 485 NW2d 695 (1992), quoting *Smith v
Sprague,* 244 Mich 577, 580; 222 NW 207 (1928).

The relationship between the trustee's attorney
and the creditors or shareholders is unique. While
the attorney has a duty to the bankruptcy estate,
that duty does not extend to its creditors or share-
holders because of the potential conflict inherent
in representing the interests of the estate. Under
the facts presented in this case, there is also a
conflict between the trustee and the trustee's at-
torney.

The trustee's duty is to maximize or maintain
the value of the estate for the benefit of those who
hold interests in it. See *Bennett v Williams,* 892
F2d 822, 823 (CA 9, 1989). The duties of the
trustee's attorney are " 'equivalent' to those of the
trustee," *In re Consupack, Inc,* 87 Bankr 529, 548
(ND Ill, 1988). The attorney's duty to advise the
trustee "requires a more active concern for the
interests of the estate and of its beneficiaries
. . . ." *Id.* at 549. Thus, the alleged malpractice of
the trustee's attorney would have a direct effect
upon the estate, which is the beneficiary of the
attorney-client relationship. The purpose of Chap-
ter 11 reorganization is to rehabilitate the debtor
so that creditors may receive the "going concern
value" of assets of the estate, and creditors' inter-
ests in the estate are affected by such malpractice.
See *In re Russell,* 60 Bankr 42 (WD Ark, 1985).

Because the trustee entered into the relationship
for the benefit of the estate, the trustee is the
proper party to bring a malpractice action against
the trustee's attorney. 11 USC 323. The share-
holder-trustee relationship is unlike the insurer-
insured relationship where the "middleman," i.e.
the insured, has no incentive to pursue a malprac-
tice action against the insured's defense attorney

because the insurer will pay the imposed liability. See *Atlanta Int'l Ins Co, supra* at 519. The middleman here, the trustee, has the added "incentive" of risking a breach of his fiduciary duty to the estate.

By failing to pursue a malpractice action against his firm, the trustee may be liable for an intentional or negligent breach of fiduciary duty. While the trustee has discretion to pursue some matters, the trustee must be diligent in looking into wrongful actions by third parties that directly affect the estate. See *In re Chicago Art Glass, Inc,* 155 Bankr 180, 187 (ND Ill, 1993), referring to 11 USC 704.

As a practical matter, where the trustee is unrelated to the trustee's attorney, the trustee would be diligent in his pursuit of a malpractice action to avoid personal liability. Here, his personal interests are affected, regardless of his choice to pursue or refrain from pursuing an action against his firm. We conclude that this conflict between the trustee and the trustee's attorney should not prevent, but should allow, the shareholder to stand in the shoes of the trustee to maintain a malpractice action against the trustee's attorney "for the benefit of the estate."

Allowing the trustee's attorney to remain immune from suit would place the loss directly upon the estate and eventually upon the creditors and shareholders; thus, plaintiff's remedy is inadequate. *Atlanta Int'l Ins Co, supra* at 522. Moreover, the interest the shareholder is pursuing is the same as the trustee's: wrongful action that affects the property of the estate. *Id.* at 523. Allowing the shareholder to maintain a cause of action against the trustee's attorney does not increase the scope of the attorney's duty or the amount of liability beyond that which the trustee could claim as damages to the estate. See *Commercial Union*

*Ins Co, supra* at 118-119. While such a result may discourage a trustee from hiring his own firm, allowing the shareholder to enforce the trustee's fiduciary duty to the estate will encourage the trustee's diligence in pursuing third-party actions on behalf of the estate through his own firm. *Id.* at 119. Thus, as the representative of the Beaty estate, plaintiff has stated a claim upon which relief can be granted.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

MICHAEL J. KELLY, J., concurred.

JANSEN, P.J. *(concurring in part and dissenting in part).* I respectfully dissent from the majority's decision to reverse the grant of summary disposition regarding the equitable subrogation claim. Unlike the majority, I do not believe that plaintiff has stated a claim based on equitable subrogation. I agree with the majority that the remainder of plaintiff's claims for breach of fiduciary duty, breach of contract, and negligence should be dismissed for the reasons set forth in the majority's opinion. Therefore, I would affirm the trial court's decision to grant summary disposition in defendants' favor in its entirety.

Equitable subrogation is a legal fiction through which a person who pays a debt for which another is primarily responsible is substituted or subrogated to all the rights and remedies of the other. *Commercial Union Ins Co v Medical Protective Co,* 426 Mich 109, 117; 393 NW2d 479 (1986). In other words, equitable subrogation permits one party to stand in the shoes of another. *Atlanta Int'l Ins Co v Bell,* 438 Mich 512, 521-522; 475 NW2d 294 (1991). However, the subrogee acquires no greater

rights than those possessed by the subrogor, and the subrogee may not be a mere volunteer. *Commercial Union Ins Co, supra,* p 117.

The doctrine of equitable subrogation has been applied to permit excess insurers to sue primary insurers as equitable subrogees of the insured in some circumstances. *Id.,* p 112. It has also been applied to prevent the inequitable assumption of liability by one insurer when a second insurer also has a legal obligation to the insured. *Auto Club Ins Ass'n v New York Life Ins Co,* 440 Mich 126; 485 NW2d 695 (1992). Under this doctrine, an insurance company has been permitted to bring a legal malpractice claim against an attorney it had retained for its insured. *Atlanta Int'l Ins Co, supra.*

In the present case, I find that the trial court correctly held that plaintiff, individually, cannot maintain an action under the doctrine of equitable subrogation because she volunteered payment and petitioned the bankruptcy court to compel the trustee to accept the payment. Plaintiff was not obligated to pay the other creditors herself. As a volunteer, equitable subrogation is not available to plaintiff. *Commercial Union Ins Co, supra.* Accordingly, the trial court did not err in holding that plaintiff failed to state a claim for equitable subrogation. MCR 2.116(C)(8).

I would also find that the trial court properly ruled that the Beaty estate cannot maintain an action under the doctrine of equitable subrogation. As the trial court noted, the creditors and the trustee do not share merged interests in the management of the bankruptcy estate. I agree with the majority that the trustee's fiduciary duty is owed to the bankruptcy estate and its best interests, not to the individual creditors or shareholders of the

estate. Further, the creditors do not share any ties to the trustee's attorney. Thus, I do not believe that Beaty's estate should be able to "stand in the shoes" of the trustee to enforce the trustee's fiduciary duty owed to the bankruptcy estate. The two parties, Beaty's estate and the bankruptcy estate, simply do not share the same interests. Compare *Atlanta Int'l Ins Co, supra,* pp 521-524, with *Auto Club Ins Ass'n, supra,* pp 132-138.

Further, I find the majority's opinion to be inherently contradictory. The majority holds that the trustee's attorney has a duty to the bankruptcy estate and that the duty does not extend to the creditors or shareholders. Specifically, the majority holds that the trustee's attorney owed no duty and assumed no duty to plaintiff or Beaty's estate. Yet the majority allows plaintiff, as the representative of the Beaty estate, to stand in the shoes of the trustee to maintain a cause of action against the trustee's attorney. If the trustee's attorney does not owe a duty to the creditors or shareholders and does not owe a fiduciary duty to plaintiff or Beaty's estate, I fail to see how plaintiff (a shareholder) has stated a claim under the doctrine of equitable subrogation.

The mere fact that the trustee's attorney was from the same law firm as the trustee should not be the deciding factor in this case. The trustee owes a fiduciary duty to the bankruptcy estate and the duties of the trustee's attorney are essentially the same. Thus, I do not believe that plaintiff should be allowed to stand in the shoes of the trustee to bring a claim against the trustee's attorney with respect to the Beaty estate only. If plaintiff was pursuing a claim on behalf of the bankruptcy estate, then such an action might be permissible because the trustee's attorney does owe a duty to the entire bankruptcy estate. However,

that is not the case here where plaintiff is pursuing a claim solely on behalf of the Beaty estate.

Accordingly, I conclude that the trial court did not err in granting summary disposition in defendants' favor of all the claims in plaintiff's complaint. I would affirm.