EDITH H. JONES, Circuit Judge,
dissenting:
With due respect to my colleagues’ sensitivity to Texas law, and with some sympathy for the result they reach, I feel I must respectfully dissent from the portion of the majority opinion discussing negligent misrepresentation under Restatement (Second) of Torts § 552.
Texas case law is without doubt unclear regarding whether lawyers are liable for the tort of negligent misrepresentation absent a privity relationship. Two lines of cases now directly conflict with each other in their statement of the law. Compare F.E. Appling Interests v. McCamish, Martin, Brown & Loeffler, 953 S.W.2d 405 (Tex.App.-Tex-arkana 1997, pet. denied) (permitting a negligent misrepresentation claim against an attorney absent privity) with Thompson v. Vinson & Elkins, 859 S.W.2d 617, 622-23 (Tex.App. — Houston [1st Dist.] 1998, writ denied); First Mun. Leasing Corp. v. Blankenship, Potts, Aikman, Hagin & Stewart, 648 S.W.2d 410, 413-14 (Tex.App.-Dallas 1983, writ refd n.r.e.); Bell v. Manning, 613 S.W.2d 335, 338 (Tex.Civ.App.-Tyler 1981, writ refd n.r.e.) (all holding that a negligent misrepresentation claim pursuant to § 552 cannot be made absent an attorney-client relationship). Although, as the majority here notes, the “anti-negligent misrepresentation” eases may be factually distinguishable such that their holdings could (not must) rest on other grounds, their statement of the law could not be more clear and forthright — and contradictory to Appling. The Supreme Court’s unfortunate denial of review in Ap-pling affords no solution to the dilemma.
But in a closely related case, the Texas Supreme Court has strictly construed the privity requirement for a legal malpractice claim wherein third-party beneficiaries of a trust sue the lawyer and law firm that created the trust. See Barcelo v. Elliott, 923 S.W.2d 575 (Tex.1996). In doing so, the court rejected the position of the vast majority of states, which have relaxed the privity barrier in the estate planning context. See id. at 577-78; see also id. at 579 (Cornyn, J., dissenting) (“By refusing to recognize a lawyer’s duty to beneficiaries of a will, the Court embraces a rule recognized by only four states, while simultaneously rejecting the rule in an overwhelming majority of jurisdictions.”). Interestingly, Appling, the case from which the majority here infer that Texas will extend to lawyers the potential liability for negligent misrepresentation, relies entirely upon eases from other states in dispensing with privity. Appling has to distinguish two contrary Texas appellate cases to reach its conclusion.
Judge Reavley’s opinion is certainly not wrong, as it reflects a rule many other states have adopted. The only question is whether the Texas Supreme Court, having made such a bright-line decision for privity in Barcelo, will cut back on it to adopt Appling. I do not think these two decisions are easily reconcilable in principle, in equity, or in fact. Thus, I am wary of making the majority’s Erie-gaess that Appling will become governing Texas law. I respectfully dissent.