In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-363 CV


____________________



HAROLD DUTTON, Appellant



V.



CLAY DUGAS & ASSOCIATES, P.C., Appellee






On Appeal from the 60th District Court


Jefferson County, Texas


Trial Cause No. B-170,607






 MEMORANDUM OPINION


 Harold Dutton, an attorney, appeals from a declaratory judgment granted in favor of
Clay Dugas & Associates, P.C. ("Dugas & Associates"). The judgment at issue declares that
Dugas & Associates owed no duty to Dutton's client, Patricia Covington, prior to August 2,
2002. We affirm.



Background

 Elizabeth Roberts retained Dugas & Associates to prosecute a survival claim arising
out of the death of her brother, Vincent Lazard. Elizabeth represented to Dugas & Associates
that she was the proper party to bring suit on behalf of Vincent and that no administration of
his estate was pending. Elizabeth further represented that she would undertake the steps
required to be appointed as the personal representative of Vincent's estate.

 Based upon its relationship with Elizabeth, Dugas & Associates filed a healthcare
liability suit against Vincent's healthcare providers on behalf of Vincent's estate.
Subsequently, Dugas & Associates learned that Patricia Covington had been appointed
executor of Vincent's estate prior to Dugas & Associates' filing of the initial lawsuit and that
Patricia had retained Dutton to prosecute healthcare liability claims on behalf of Vincent's
estate. Dutton first contacted Dugas & Associates to represent Patricia in August 2002 (1);
Dugas & Associates filed an amended petition in October 2002 naming Patricia as Vincent's
appointed personal representative. Elizabeth was never named a co-executor of Vincent's
estate.

 Because Elizabeth did not have standing to represent Vincent's estate, the estate's
claims against Vincent's healthcare providers were barred. See Covington v. Sisters of
Charity of the Incarnate Word, 179 S.W.3d 583, 589 (Tex. App.-Amarillo 2005, pet.
denied). In addition, the claims of Vincent's estate, which Patricia first asserted in October
2002, were barred by limitations. See id.

 After the courts resolved the limitations issue against Patricia, Dutton sent Dugas &
Associates notice of a legal malpractice claim. Dugas & Associates then filed a declaratory
judgment action seeking a declaration that it owed no duty to Patricia to pursue claims
against Vincent's healthcare providers prior to the time Dutton requested Dugas &
Associates do so on Patricia's behalf in August 2002. The petition for declaratory judgment
named both Dutton and Patricia as defendants. After Patricia and Dutton appeared, Dugas
& Associates filed a motion for summary judgment. The trial court granted Dugas &
Associates' motion and entered a judgment stating that the firm "owed no duty to Patricia
Covington before August 2, 2002[.]" Only Dutton filed a notice of appeal.

 The trial court addressed Dugas & Associates' lack of duty to Patricia; it did not
address whether Dutton also became the firm's client. Under the Rules of Appellate
Procedure, Dutton can appeal the declaratory judgment because any party "who seeks to alter
the trial court's judgment" can file a notice of appeal in which the appellate court's
jurisdiction is invoked "over all parties to the trial court's judgment[.]" Tex. R. App. P.
25.1(b), (c). 

 In his appeal, Dutton argues that Dugas & Associates' duty to Patricia arose because
the firm undertook the task of representing Vincent's estate before limitations expired. 
Dutton asserts that the legal malpractice claim is the estate's, which is the entity in whose
name Dugas & Associates asserted a claim, and not Patricia's individually. Dutton concludes
that Dugas & Associates should not be "absolved of liability for [its] legal malpractice in
failing to properly pursue the wrongful death claims accruing to the Estate of Vincent Lazard
on the basis of a lack of privity of contract between" Patricia and Dugas & Associates.

Analysis


 An attorney owes a legal duty only to his client and not to third parties that the
attorney's actions may have damaged. See Barcelo v. Elliott, 923 S.W.2d 575, 577 (Tex.
1996) (citing Savings Bank v. Ward, 100 U.S. 195, 200, 25 L.Ed. 621 (1879)). A decedent's
estate is not a legal entity and as a result, may not sue or be sued. See Austin Nursing Ctr.,
Inc. v. Lovato, 171 S.W.3d 845, 849 (Tex. 2005). Only certain individuals can qualify to act
in the estate's behalf. Id.; see also Tex. Prob. Code Ann. § 3(aa) (Vernon Supp. 2007), §
77 (Vernon 2003). Generally, only the appointed personal representative may bring survival
claims on behalf of an estate. Lovato, 171 S.W.3d at 850-51. 

 Patricia, as the appointed personal representative of Vincent's estate, was the only
party with actual authority to act on the estate's behalf. It was undisputed that Patricia did
not authorize Dugas & Associates to represent Vincent's estate until after limitations had
expired on the claims of Vincent's estate. Although Elizabeth hired Dugas & Associates
before limitations expired, she was only Vincent's relative and nothing qualified her to act
for his estate. We conclude that the privity requirements of Barcelo apply and that the trial
court did not err in concluding that Patricia was not Dugas & Associates' client prior to
August 2, 2002.

 Dutton relies on Belt v. Oppenheimer, Blend, Harrison & Tate, Inc., in his effort to
avoid the privity requirement that applies to legal malpractice claims. See 192 S.W.3d 780
(Tex. 2006). He argues that Patricia's legal malpractice claim would be a claim brought on
behalf of Vincent's estate, not one she asserts individually. While the Texas Supreme Court
created an exception to Barcelo's privity requirements in Belt, it limited the exception
specifically to estate-planning malpractice cases. Belt, 192 S.W.3d at 785-89. The Belt court
explained that in the estate-planning context, the "estate 'stands in the shoes' of a decedent"
who first had privity with the attorney prior to his death. Id. at 787. 

 Here, however, Vincent never had an attorney-client relationship with Dugas &
Associates. Therefore, the facts under which the Texas Supreme Court avoided the privity
requirement in Belt do not exist. See id. Absent a Belt exception, Texas law requires the
existence of an attorney-client relationship before imposing an attorney-client duty on the
attorney. See Barcelo, 923 S.W.2d at 577-78.

 Under the circumstances presented here, we find no error in the trial court's judgment
declaring that Dugas & Associates owed no duty to Patricia before August 2, 2002. We
overrule Dutton's sole issue on appeal and affirm the trial court's judgment. 

 AFFIRMED.

 ____________________________

 HOLLIS HORTON

 Justice



Submitted on April 3, 2008

Opinion Delivered June 12, 2008

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. In its pleadings, Dugas & Associates maintain that Dutton contacted it on August 3,
2002, while the trial court's judgment implies that the contact occurred on August 2, 2002. 
The one day difference between these dates does not affect the outcome, as limitations on the
potential claims of Vincent's estate expired in March 2002.