

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00037-CV

**MARTRICE PARISH, AS NEXT FRIEND FOR NICHOLAS ROMAN MARTIN, SASHA ALEXANDER MARTIN, NINA CHRISTINE MARTIN, AND DANIS REILLY MARTIN, MINOR CHILDREN,**

**Appellant**

**v.**

**GREGORY E. WILHELM,**

**Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 74321

## MEMORANDUM  OPINION

Marlotte Parks was dying from brain cancer.  Attorney Gregory E. Wilhelm prepared a will and codicil for Parks and helped her change the beneficiary on her life insurance policy from her husband to her four adopted children, Nicholas Roman Martin, Sasha Alexander Martin, Nina Christine Martin, and Danis Reilly Martin. Wilhelm agreed to submit the beneficiary change to the insurance company.  After

Parks died, the insurance proceeds were paid to her husband because the insurance company never received the beneficiary change.

Martrice Parish sued as next friend for the Martin children, complaining of Wilhelm's failure to submit the beneficiary change. Wilhelm filed a motion for summary judgment, arguing that: (1) he had no attorney-client relationship with the Martins; and (2) because no such relationship existed, he owed no duty of care to the Martins and could not be sued by them. The trial court granted the motion. In two issues, Parish contends that the trial court erred by granting Wilhelm's motion for summary judgment. We affirm.

## STANDARD OF REVIEW

We review a trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In reviewing a summary judgment, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam) (citing *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam); *City of Keller v. Wilson*, 168 S.W.3d 802, 822-24 (Tex. 2005)). We must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the movant. *See Goodyear Tire*, 236 S.W.3d at 756 (citing *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam); *Spates*, 186 S.W.3d at 568).

ANALYSIS

In two issues, Parish challenges whether summary judgment was proper on the matters of privity (issue one) and duty of care (issue two). Her argument does not attempt to establish either privity or duty, but suggests that the Martins' suit does not fit within the "mold" of either *Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 S.W.3d 780 (Tex. 2006), allowing the personal representative of an estate to bring suit on the decedent's behalf, or *Barcelo v. Elliott*, 923 S.W.2d 575 (Tex. 1996), prohibiting suits against an attorney in the absence of privity. *See Belt*, 192 S.W.3d at 784, 788-89; *Barcelo*, 923 S.W.2d at 578-79. Thus, she essentially asks us to craft a new rule allowing the Martins to "bring suit in their own right without there being privity." Wilhelm argues that Parish cannot raise this issue because she did not file a summary judgment response.[1]

A non-movant who fails to file a summary judgment response is limited to challenging whether the motion for summary judgment is sufficient as a matter of law. *See Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *see also Fletcher v. Edwards*, 26 S.W.3d 66, 75 (Tex. App.—Waco 2000, pet. denied). Parish's argument that the Martins may bring suit regardless of privity could be construed as a challenge to Wilhelm's entitlement to summary judgment as a matter of law.

However, the Texas Supreme Court has expressly held that (1) "an attorney retained by a testator or settlor to draft a will or trust owes no professional duty of care

---

[1] Parish did file a motion for new trial arguing that the trial court's decision was "against the great weight and preponderance of the evidence" because it was based on "obsolete and inapplicable" law.

to persons named as beneficiaries under the will or trust"; and (2) a "lawyer's professional duty [does not] extend to persons whom the lawyer never represented." *Barcelo*, 923 S.W.2d at 579. Parish's contention that *Barcelo* does not apply and, therefore, the Martins should be allowed to bring suit without privity is essentially an argument that *Barcelo* should be somehow changed. This we cannot do. *See Lubbock County v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002) ("It is not the function of a court of appeals to abrogate or modify established precedent"; "[t]hat function lies solely with this Court").

This case falls squarely within the holding of *Barcelo*. Wilhelm never represented the Martins, but was retained by their mother, the decedent. He owes no professional duty to the beneficiaries of her insurance policy. *See Barcelo*, 923 S.W.2d at 579. Because we must follow the well-establish precedent of *Barcelo*, we conclude that the Martins are not entitled to bring suit against Wilhelm in the absence of privity. The trial court properly granted summary judgment.

We, therefore, overrule Parish's two issues and affirm the trial court's judgment.

                                            FELIPE REYNA
                                            Justice

Before Chief Justice Gray,
       Justice Vance, and
       Justice Reyna
       (Chief Justice Gray concurring with note)*
Affirmed
Opinion delivered and filed December 17, 2008
[CV06]

\*      (Chief Justice Gray concurs in the judgment of the Court only to the extent it affirms the trial court's judgment.  He does not join the procedure or result of the opinion or judgment.  A separate opinion will not issue.)