IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00037-CV

 

Martrice Parish, as next friend for

Nicholas Roman Martin, Sasha 

Alexander Martin, Nina Christine 

Martin, and Danis Reilly Martin, 

Minor Children,

                                                                                    Appellant

 v.

 

Gregory E. Wilhelm,

                                                                                    Appellee

 

 

 



From the 40th District
Court

Ellis County, Texas

Trial Court No. 74321

 



MEMORANDUM  Opinion



 








            Marlotte Parks was dying
from brain cancer.  Attorney Gregory E. Wilhelm prepared a will and codicil for
Parks and helped her change the beneficiary on her life insurance policy from
her husband to her four adopted children, Nicholas Roman Martin, Sasha
Alexander Martin, Nina Christine Martin, and Danis Reilly Martin.  Wilhelm
agreed to submit the beneficiary change to the insurance company.  After Parks
died, the insurance proceeds were paid to her husband because the insurance
company never received the beneficiary change.

            Martrice Parish sued as next
friend for the Martin children, complaining of Wilhelm’s failure to submit the
beneficiary change.  Wilhelm filed a motion for summary judgment, arguing that:
(1) he had no attorney-client relationship with the Martins; and (2) because no
such relationship existed, he owed no duty of care to the Martins and could not
be sued by them.  The trial court granted the motion.  In two issues, Parish
contends that the trial court erred by granting Wilhelm’s motion for summary
judgment.  We affirm.

STANDARD OF REVIEW

We review a trial court’s summary
judgment de novo.  Provident Life & Accident Ins. Co. v. Knott, 128
S.W.3d 211, 215 (Tex. 2003).  In reviewing a summary judgment, we must consider
whether reasonable and fair-minded jurors could differ in their conclusions in
light of all of the evidence presented.  See Goodyear Tire & Rubber Co.
v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam) (citing Wal-Mart
Stores, Inc. v. Spates, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam); City
of Keller v. Wilson, 168 S.W.3d 802, 822-24 (Tex. 2005)).  We must consider
all the evidence in the light most favorable to the nonmovant, indulging every
reasonable inference in favor of the nonmovant and resolving any doubts against
the movant.  See Goodyear Tire, 236 S.W.3d at 756 (citing Sudan
v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam); Spates, 186
S.W.3d at 568).

 

 

ANALYSIS

In two issues, Parish challenges whether
summary judgment was proper on the matters of privity (issue one) and duty of
care (issue two).  Her argument does not attempt to establish either privity or
duty, but suggests that the Martins’ suit does not fit within the “mold” of
either Belt v.
Oppenheimer, Blend, Harrison & Tate, Inc., 192 S.W.3d 780 (Tex. 2006), allowing the personal
representative of an estate to bring suit on the decedent’s behalf, or Barcelo
v. Elliott, 923 S.W.2d 575 (Tex. 1996), prohibiting suits against an
attorney in the absence of privity. 
See Belt, 192 S.W.3d at 784, 788-89; Barcelo, 923 S.W.2d at 578-79.  Thus, she essentially asks us to
craft a new rule allowing the Martins to “bring suit in their own right without
there being privity.”  Wilhelm argues that Parish cannot raise this issue
because she did not file a summary judgment response.[1]

A non-movant who fails to file a summary
judgment response is limited to challenging whether the motion for summary
judgment is sufficient as a matter of law.  See Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678 (Tex. 1979); see also Fletcher v. Edwards, 26 S.W.3d 66, 75 (Tex. App.—Waco 2000,
pet. denied).  Parish’s
argument that the Martins may bring suit regardless of privity could be construed
as a challenge to Wilhelm’s entitlement to summary judgment as a matter of law.

However, the Texas Supreme Court has expressly held that (1) “an attorney retained by a testator or
settlor to draft a will or trust owes no professional duty of care to persons
named as beneficiaries under the will or trust”; and (2) a “lawyer’s
professional duty [does not] extend to persons whom the lawyer never
represented.”  Barcelo,
923 S.W.2d at 579.  Parish’s contention that Barcelo does not apply and,
therefore, the Martins should be allowed to bring suit without privity is essentially
an argument that Barcelo should be somehow changed.  This we cannot do.  See
Lubbock County v.
Trammel’s Lubbock Bail Bonds,
80 S.W.3d 580, 585 (Tex. 2002) (“It
is not the function of a court of appeals to abrogate or modify established
precedent”; “[t]hat
function lies solely with this Court”).

This case falls squarely within the
holding of Barcelo.  Wilhelm never represented the Martins, but was
retained by their mother, the decedent.  He owes no professional duty to the
beneficiaries of her insurance policy.  See Barcelo, 923 S.W.2d at 579.  Because we must follow the
well-establish precedent of Barcelo, we conclude that the Martins are
not entitled to bring suit against Wilhelm in the absence of privity.  The
trial court properly granted summary judgment.

We, therefore, overrule Parish’s two
issues and affirm the trial court’s judgment.  

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring with note)*

Affirmed 

Opinion
delivered and filed December 17, 2008

[CV06]

 

*           (Chief
Justice Gray concurs in the judgment of the Court only to the extent it affirms
the trial court’s judgment.  He does not join the procedure or result of the opinion
or judgment.  A separate opinion will not issue.)

 

 

            









[1]               Parish did file a motion
for new trial arguing that the trial court’s decision was “against the great
weight and preponderance of the evidence” because it was based on “obsolete and
inapplicable” law.