**AFFIRMED; Opinion Filed December 17, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00271-CV

**KATE DONALDSON AND STEVEN JORDAN, Appellants**
**V.**
**JAMES MINCEY, JR AND MINCEY-CARTER P.C., Appellees**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-15126-L**

## MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Brown
Opinion by Justice Bridges

Kate Donaldson and Steven Jordan appeal the trial court's judgment granting James M. Mincey, Jr. and Mincey-Carter, P.C.'s ("Mincey") traditional motion for summary judgment. In four issues, appellants generally argue (1) Mincey owed a duty to them as personal representatives of their father, Michael Jordan's, estate, even though they are also beneficiaries; (2) the estate sustained actual damages by Mincey facilitating depletion of the estate before Michael's death; (3) even if actual damages were not sustained, the estate may still obtain fee forfeiture for breach of fiduciary duty; and (4) the estate may claim pre-death malpractice damages. Appellants also request preservation of their fifth issue, that Texas should relax the privity requirement in cases involving beneficiaries, for possible presentation to the Texas Supreme Court. We affirm the trial court's judgment.

Michael Jordan died on May 25, 2010. He was survived by his wife, Hilary, and two children, Kate Donaldson and Steven Jordan. Prior to his death, Michael met with and retained Mincey in December 2009 to assist him with changes in his estate planning documents. Mincey drafted the following documents which were signed by the Jordans on January 7, 2010: (1) Limited Durable Power of Attorney, (2) First Codicil to the Jordans' Will, (3) Trust Amendment Number One, (4) Medical Power of Attorney, (5) HIPAA Release, (6) Directive to Physicians, and (7) Designation of Guardian. During his representation of Michael, Mincey also represented Hilary. During their initial meeting, Michael explained to Mincey that he had already made "substantial gifts" to Kate and Steven. Michael and Mincey "talked about the gifts to his kids," and Michael did not wish to make changes to the gifts at that time. During early 2010, Michael's health began to deteriorate and, in March 2010, Kate expressed in an e-mail concerns over her father's difficult health situation.

After conversations with Michael regarding additional transfers to his children, Mincey drafted and sent to him Trust Amendment Number Two, increasing distributions to Kate and Steven. Michael died two months later, on May 26, 2010. However, to Mincey's knowledge, Trust Amendment Number Two was never executed.

Kate and Steven, as personal representatives of their father's estate, sued Mincey for negligence and breach of fiduciary duty. Mincey moved for traditional summary judgment asserting (1) as Michael's attorney, he owed no legal duty to Kate and Steven as beneficiaries and (2) the estate did not incur any damages by the fact gifts were not made prior to Michael's death. The trial court granted Mincey's motion for traditional summary judgment, and this appeal followed.

In their first issue, Kate and Steven argue summary judgment was improper on the basis that Mincey owed no duty to them. Specifically, they argue Mincey owed a duty to Michael and,

as Michael's personal representatives, they stand in Michael's shoes. In addition, they argue they are not precluded from suing in their representative capacities by the fact they are also beneficiaries.

The standard of review for traditional summary judgment under Texas Rule of Civil Procedure 166a(c) is well established. TEX. R. CIV. P. 166a(c). The movant for summary judgment has the burden of showing there is no genuine issue of material fact and it is entitled to summary judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex. App.—Dallas 2009, no pet.). In deciding whether there is a disputed fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true, every inference must be indulged in favor of the nonmovant, and any doubts must be resolved in the nonmovant's favor. *Nixon*, 690 S.W.2d at 549. Once the movant establishes its right to summary judgment as a matter of law, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 682 (Tex. App.—Dallas 2000, no pet.). We review the granting of a summary judgment de novo. *Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 358 (Tex. App.—Dallas 2007, pet. denied).

At common law, an attorney owes a duty of care only to his or her client, not to third parties who may have been damaged by the attorney's negligent representation of the client. *Barcelo v. Elliott*, 923 S.W.2d 575, 577 (Tex. 1996). Without this "privity barrier," the rationale goes, clients would lose control over the attorney-client relationship, and attorneys would be subject to almost unlimited liability. *Id.* Texas courts of appeals have uniformly applied the privity barrier in the estate planning context. *Id.*

While an attorney always owes a duty of care to a client, no such duty is owed to non-client beneficiaries, even if they are damaged by the attorney's malpractice. *Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 S.W.3d 780, 783 (Tex. 2006). The Texas Supreme Court has held that non-client beneficiaries cannot maintain a suit against the decedent's estate planner because "the greater good is served by preserving a bright-line privity rule which denies a cause of action to all beneficiaries whom the attorney did not represent." *Id.* (quoting *Barcelo*, 923 S.W.2d at 578). While this concern applies when disappointed heirs seek to dispute the size of their bequest or their omission from an estate plan, it does not apply when an estate's personal representative seeks to recover damages incurred by the estate itself. *Id.* at 786-88.

*Belt* allows claims for injuries suffered by the client's *estate*, and any damages recovered would be paid to the estate and, only then, distributed in accordance with the decedent's existing estate plan. *Id.*; s*ee Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345 (Tex. 1992) (recovery in survival action flows to those who would have received it had it been part of decedent's estate immediately prior to death). The recovery would flow to the disappointed beneficiary only if the estate plan had provided for such a distribution, fulfilling the decedent's wishes. *Belt*, 192 S.W.3d at 788. These factors prevent personal representatives who are also beneficiaries from using the holding in *Belt* as an end run around *Barcelo*. *Id.*

When the impact on a decedent's estate is the apportionment and not total value, the estate has not suffered an actionable injury so as to allow personal representatives to recover for the apportionment contrary to the purported intent of the testator. *See Barcelo*, 923 S.W.2d at 578.

Here, the claims raised in Kate and Steven's first all relate to the apportionment of Michael's estate. They do not argue Michael's estate was injured in any way other than by

Mincey's failure to effect Michael's intent to increase the gifts conveyed to Kate and Steven. This is exactly the situation discussed in Belt in which disappointed beneficiaries have recast a malpractice claim for their own "lost" inheritance, which would be barred by Barcelo, as a claim brought on behalf of the estate. *See Belt*, 192 S.W.3d at 788. Under these circumstances, we conclude Kate and Steven's first issue lacks merit.

In their second issue, Kate and Steven argue the estate may nevertheless obtain fee forfeiture for Mincey's breach of fiduciary duty. In their third issue, Kate and Steven argue a personal representative may bring suit against a lawyer for facilitating depletion of an estate before a decedent's death. Specifically, Kate and Steven assert Mincey helped Hilary gain control of Michael's estate before he died, allowing Hilary to deplete the estate of "significant assets." In their fourth issue, Kate and Steven raise the related argument that Mincey damaged the estate before Michael's death by failing to effectuate Michael's intent to give Kate and Steven additional gifts.

As to the fee forfeiture argument, we note this argument was not made in the trial court and is therefore waived. *See Lee v. Lee*, 47 S.W.3d 767, 781 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). Regarding Hilary's "depletion" of the estate and Mincey's alleged failure to obtain the execution of Trust Amendment Number Two, we note Mincey prepared a Trust Amendment Number Two, which would have significantly increased the distributions to Kate and Steven, before Michael's death and delivered it to Michael. Michael's failure to execute the amendment and any resulting increase in Hilary's distribution cannot be attributed to Mincey. Further, we cannot conclude Mincey damaged Michael's estate by not succeeding in otherwise securing additional gifts for Kate and Steven. *See Belt*, 192 S.W.2d at 787-88. We overrule Kate and Steven's second, third, and fourth issues.

In their fifth issue, Kate and Steven argue "Texas should relax the privity requirement in cases involving beneficiaries." Citing *Barcelo* for the proposition that "[t]he majority of other states addressing this issue have relaxed the privity barrier in the estate planning context," Kate and Steven argue "the time has come for Texas to join the states." *See Barcelo*, 923 S.W.2d at 577. We decline this invitation to disregard existing Texas law. We overrule Kate and Steven's fifth issue.

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
130271F.P05                                                                    JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KATE DONALDSON AND STEVEN
JORDAN, Appellant

No. 05-13-00271-CV      V.

JAMES MINCEY, JR AND MINCEY-
CARTER P.C., Appellee

On Appeal from the 193rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-15126-L.
Opinion delivered by Justice Bridges.
Justices O'Neill and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees JAMES MINCEY, JR AND MINCEY-CARTER P.C.
recover their costs of this appeal from appellants KATE DONALDSON AND STEVEN
JORDAN.

Judgment entered this 17th day of December, 2014.