# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

═══════════════

## NO. 03-15-00706-CV
═══════════════

**Michael Torres, Individually and derivatively on behalf of CRU Energy, Inc., Appellant**

**v.**

**Whitaker Chalk Swindle & Schwartz, PLLC; Thomas F. Harkins;**
**and Richard L. Schwartz, Appellees**

═══════════════

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT**
**NO. D-1-GN-15-004709, HONORABLE KARIN CRUMP, JUDGE PRESIDING**
═══════════════

## M E M O R A N D U M   O P I N I O N

This appeal is an offshoot of long-running "business divorce" litigation between Michael Torres and Jeffrey (Tre) Krueger, who in sunnier times co-founded a Texas closely held corporation known as CRU Energy, Inc.[1] The immediate focus at this juncture concerns claims asserted by Torres, derivatively on behalf of CRU, seeking damages from two attorneys and their firm—appellees here—on theories of professional negligence and breach of fiduciary duty. Torres further prayed that his derivative claims be treated as a direct action for his own benefit and that any recovery be paid directly to him rather than CRU, as section 21.563(c) of the Business Organizations

---

[1] *See* Tex. Bus. Orgs. Code § 21.563(a) (defining "closely held corporation" for purposes of derivative-suit provisions to mean a corporation with fewer than 35 shareholders and "no shares listed on a national securities exchange or regularly quoted in an over-the-counter market by one or more members of a national securities association").

Code permits trial courts to do "[i]f justice requires."[2]  Appellees obtained a final take-nothing

summary judgment based on two alternative grounds:  (1) the summary-judgment evidence

conclusively established that "justice" does not require Torres's derivative claims to be treated as

a direct action or that any recovery be paid directly to him;[3] and (2) the summary-judgment evidence

conclusively negated the duty elements of Torres's liability theories.[4]  On appeal, Torres argues that

the first ground is not fully dispositive of his claims—he insists that he also pleaded derivative

claims seeking recovery payable to CRU—and that both grounds fail on the merits.  We need only

address the second ground.[5]

---

[2]  *See id*. § 21.563(c) ("If justice requires: (1) a derivative proceeding brought by a shareholder of a closely held corporation may be treated by a court as a direct action brought by the shareholder for the shareholder's own benefit; and (2) a recovery in a direct or derivative proceeding by a shareholder may be paid directly to the plaintiff or to the corporation if necessary to protect the interests of creditors or other shareholders of the corporation.").

[3]  Appellees' summary-judgment motion and briefing termed this ground a challenge to Torres's "standing" as a derivative claimant, and this nomenclature has generated some confusion between the parties.  During oral argument, appellees clarified that they concede the general proposition that Torres, as a shareholder in CRU, a closely held corporation, would have standing to bring a derivative claim seeking recovery on CRU's behalf in the first instance.  *See id*. § 21.563(b), (c); *Sneed v. Webre*, 465 S.W.3d 169, 180–89 (Tex. 2015) (analyzing standing of shareholders in closely held corporation to bring derivative actions).  The intent of their summary-judgment ground, appellees further explained, was to challenge only Torres's "standing" or right to have his derivative claims treated as direct claims or obtain a direct recovery under section 21.563(c).

[4]  *See, e.g.*, *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. National Dev. & Research Corp.*, 299 S.W.3d 106, 112, 121 (Tex. 2009) (identifying existence of duty as element of professional-negligence claim (citing *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 496 (Tex. 1995); *Burrow v. Arce*, 997 S.W.2d 229, 241–42 (Tex. 1999))); *Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 428–29 (Tex. App.—Austin 2009, no pet.) (recognizing that "an attorney owes fiduciary duties to his client as a matter of law" and that existence of such duty is an element of cause of action for breach of fiduciary duty (citing *Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex. 1988))).

[5]  *See* Tex. R. App. P. 47.1.

The parties concur that the existence of a duty owing by appellees to CRU with respect to either liability theory turns entirely on whether there existed an attorney-client relationship between CRU and appellees. The attorney-client relationship is contractual in nature—an attorney and client mutually agree that the attorney will render professional services for the client.[6] While such an agreement need not necessarily be express and may sometimes be implied from the objective manifestations of the parties' conduct, in either case "there must be evidence *both* parties intended to create an attorney-client relationship."[7] In support of their summary-judgment motion, appellees presented evidence that they had once represented Krueger pursuant to an explicit engagement letter, but had never represented CRU—and that, in fact, much of their representation of Krueger had been *adverse* to CRU. In response, in an attempt to raise a fact issue, Torres relied solely on what he viewed as proof of an implied attorney-client relationship between appellees and CRU—emails and other communications between appellees and Krueger between May 31, 2013, the date of a shareholder meeting at which Krueger purportedly wrested control of CRU from Torres, and early July 2013, when appellees and Krueger parted ways. The gist of Torres's reasoning is that these communications objectively manifested the relationship's evolution from representation of Krueger alone to representation also of the corporation Krueger had come to control. We disagree that this evidence, without more, is sufficient to raise a fact issue as to whether CRU and appellees agreed to enter into an attorney-client relationship, as opposed to representing conduct merely consistent

---

[6] *See, e.g.*, *Kiger v. Balestri*, 376 S.W.3d 287, 290–91 (Tex. App.—Dallas 2012, pet. denied) (citing *Kennedy v. Gulf Coast Cancer & Diagnostic Ctr.*, 326 S.W.3d 352, 357 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *Greene's Pressure Treating & Rentals, Inc. v. Fulbright & Jaworski, L.L.P.*, 178 S.W.3d 40, 43 (Tex. App.—Houston [1st Dist.] 2005, no pet.)).

[7] *Id*. at 291.

3

with appellees' representation of Krueger.[8] Consequently, the district court did not err in granting appellees' summary judgment on their no-duty ground.

As this ground is sufficient to support the judgment, we affirm.

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Bourland

Affirmed

Filed:  June 15, 2016

---

[8] *See id.*; *see also Graham Cent. Station, Inc. v. Peña*, 442 S.W.3d 261, 265 (Tex. 2014) (applying equal inference rule (quoting *Hancock v. Variyam*, 400 S.W.3d 59, 70–71 (Tex. 2013))); *Barcelo v. Elliott*, 923 S.W.2d 575, 577–79 (Tex. 1996) (mere benefit or harm to third party from attorney's representation to client does not give rise to duty owing to third party; privity is required).